ROCHELLE L. STANFORD, OSB No. 06244
Email: rstanford@piteduncan.com
DAVID J. BOULANGER, OSB No. 092943
Email: dboulanger@piteduncan.com
PITE DUNCAN, LLP
4375 JUTLAND DRIVE, SUITE 200
SAN DIEGO, CA 92177-0935
TELEPHONE: (858) 750-7600
FACSIMILE: (619) 590-1385

Attorneys for Defendants PITE DUNCAN, LLP and CAL-WESTERN RECONVEYANCE CORP.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND

| | |
|---|---|
| DOUGLAS E. HALL AND KENNETH D. HALL, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL CITY MORTGAGE CO., dba COMMONWEALTH UNITED MORTGAGE CO.; <br> CAL-WESTERN RECONVEYANCE CORPORATION, as Trustee, a subsidiary of Prommis Solutions, LLC; <br> and <br> PITE DUNCAN, LLP, <br><br> Defendants. | Case No.:3:10-CV-1286-BR <br><br> DEFENDANTS PITE DUNCAN, LLP'S AND CAL-WESTERN RECONVEYANCE CORP'S RESPONSE IN OPPOSITION TO PLAINTIFFS' DEFAULT MOTION |

**Response in opposition to Plaintiffs' default motion.**

This responsive pleading is in regards to Plaintiffs' motion to default Defendants, Pite

Duncan, LLP and Cal-Western Reconveyance Corp. It came to counsel's attention on February 16, 2011 that the default motion was filed with this Court. As of the date of this response, no default order has been issued. Defendants, Pite Duncan, LLP and Cal-Western Reconveyance Corp ("CWR"), have, in addition to this response, filed a motion to dismiss for insufficient service of process. If the motion to dismiss is not granted, this Court should deny Plaintiffs' motion to default Pite Duncan and CWR for failure to plead or otherwise defend. Under FRCP 55, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Here, Plaintiffs' Affidavit in support of their motion is incorrect in its assertion that Pite Duncan and CWR were served. As discussed in defendants' motion to dismiss, Plaintiffs failed to properly serve Pite Duncan and CWR. This alone should be enough to deny Plaintiffs' motion to default Defendants. Additionally, under Oregon law, filing a motion to dismiss after the plaintiff filed a motion for default, but before default was entered, is effective to prevent an order of default from being entered. *Morrow Co. Sch. Dist. v. Oreg. Land and Water Co.*, 78 Or App 296, 301, 716 P2d 766 (1986). Additionally, FRCP 55(c) and 60, which provide for setting aside default judgments are to be liberally construed in order provide relief from the onerous consequences of defaults and default judgments. *Horn v. Intelectron Corp.*, 294 F.Supp 1153 (SDNY 1968). Based on the foregoing, an entry of default judgment against Pite Duncan and Cal-Western would be prejudicial to the administration of justice and, respectfully, this Court should deny Plaintiffs' motion.

///

///

///

In conclusion, if defendants' motion to dismiss is not granted, this court should deny Plaintiffs' motion to default Pite Duncan and Cal-Western and allow Defendants a reasonable opportunity to appear and defend.

Dated:                                              PITE DUNCAN, LLP


/s/ David J. Boulanger
ROCHELLE L. STANFORD, OSB No. 06244
Email: rstanford@piteduncan.com
Phone: 619-326-2404
Fax:    619-326-2430

David J. Boulanger, OSB 092943
Email: dboulanger@piteduncan.com
Phone: 503-222-2256
Fax:    503-222-2260

Attorneys for Defendants Pite Duncan, LLP and
Cal-Western Reconveyance Corporation

2324576.wpd